UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| WILLIAM P. WATTS, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | Case No. 1:08-cv-190 |
| v. ) | Judge Mattice |
| ) | |
| MUELLER COMPANY, *et al.*, ) | |
| ) | |
|    *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff William P. Watts brings the instant action for wrongful discharge against Defendant Mueller Company, Wayne LaFevor, Steve Jones, Tim Knapp, Kevin Fuqua (collectively "Mueller Defendants"), and Walter Industries, Inc. Before the Court are the Mueller Defendant's Motion for Summary Judgment [Court Doc. 6] and Defendant Walter Industries's Motion for Summary Judgment [Court Doc. 10]. Plaintiff has not responded to either motion and his deadline for doing so has long since passed. Accordingly, the motions are now ripe for adjudication.

**I.**  **STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*,

253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Although Plaintiff has not responded to the instant motions, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party must always bear the initial burden to demonstrate the absence of a genuine issue of material fact, even if the adverse party fails to respond. *Id.* The Court is required, at a minimum,

to evaluate Defendants' motion for summary judgment to ensure that they have discharged their initial burden. *Id.*

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff previously filed a similar action in this Court, Case Number 1:07-cv-191 (the "2007 case"), against the Mueller Defendants.[1] The complaint filed in the 2007 case alleged that Plaintiff was fired in violation of company policy for not working a voluntary overtime. (Court Doc. 6-2.) Plaintiff also claimed that he had only 6 ½ points when he was terminated and company policy requires 8 points. (*Id.*) After concluding that Plaintiff had filed the 2007 case after the expiration of the statute of limitations, the Court dismissed Plaintiff's case with prejudice and entered judgment in favor of the Mueller Defendants. (Court Docs. 6-4 and 6-6.)

Plaintiff filed the instant action on August 18, 2008 ("2008 case"). (Court Doc. 3.) The Complaint in the 2008 case alleges that Plaintiff was wrongfully discharged because Tim Knapp was the one who fired him but was not his boss. (*Id.*) Plaintiff also alleges that he had only 6 ½ points when he was terminated and it takes 8 points to terminate an employee. (*Id.*) Plaintiff names all of the Mueller Defendants, who were previously named as Defendants in the 2007 case, and also adds Walter Industries, Inc as a Defendant. (*Id.*)

---

[1] The 2007 case was also filed against U.S. Steelworkers Local 3113 but the union is not a party to the instant action.

## III. ANALYSIS

### A. Claims against the Mueller Defendants

The Mueller Defendants have filed a Motion for Summary Judgment arguing that Plaintiff's claims are barred by the judgment entered by the Court in the 2007 case. (Court Doc. 6 at 2.)

The doctrine of *res judicata*, also known as the law of prior judgments, governs Defendants' contention. Such doctrine consists of two related concepts: claim preclusion and issue preclusion. *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998); *Smith v. Dawson-Smith*, 111 Fed. App'x 360, 362 (6th Cir. 2004). In the past, claim preclusion was referred to as "*res judicata*," and issue preclusion was referred to as "collateral estoppel." *Baker*, 522 U.S. at 233, n.5; *Smith*, 111 Fed. App'x at 362; *United States ex rel. Spectrum Control Sys., Inc. v. Staffco Constr., Inc.*, 107 Fed. App'x 453, 456 (6th Cir. 2004). The United States Supreme Court has described the two concepts as follows:

> Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

*New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001).

For a prior judgment to have preclusive effect, it must be valid, final, and on the merits. 18A Charles Alan Wright et al., *Federal Practice & Procedure* § 4427 (2d ed. 2002); *see also Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 158 F.3d 361, 376 (6th Cir. 1998). The Court dismissed Plaintiff's 2007 case because it was filed beyond the

-4-

applicable statute of limitations. (Court Docs. 6-2 and 6-4.) A court's grant of summary judgment based on the expiration of the statute of limitations is a final judgment on the merits for *res judicata* purposes. *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir.1981). Accordingly, in this instance, the Court's Judgment dismissing the 2007 case was valid, final, and on the merits and, as a result, is entitled to preclusive effect.

Because Plaintiff's complaint in the 2008 case alleges precisely the same causes of action as were alleged and dismissed in the 2007 case, the doctrine of claim preclusion prohibits the relitigation of those causes of action. Thus, the doctrine of claim preclusion compels the dismissal of Plaintiff's claims against the Mueller Defendants.

### B. Claims against Walter Industries, Inc.

Defendant Walter Industries, Inc. was not a party to the 2007 case. Thus, Plaintiff's claims against it are not barred by the doctrine of claim preclusion. *See Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 2008 WL 4791321, *5-6 (6th Cir. Nov. 4, 2008) (subsequent action must involve same parties as prior action for prior judgment to have preclusive effect).

Walter Industries argues that it is not liable for wrongful termination because it was not Plaintiff's employer. (Court Doc. 10 at 1.) Walter Industries has put forth evidence showing that Plaintiff was employed by Mueller Company. (Declaration of Steve Jones ("Jones Dec."), Court Doc. 10-3, ¶ 7.) Mueller Company is a subsidiary of Walter Industries but the two corporations have separate human resources departments. (*Id*. ¶¶ 5-6.) Walter Industries contends that it was not involved with the decision to terminate Plaintiff. (*Id*. ¶ 7.)

Plaintiff has offered no evidence to rebut these contentions. Plaintiff has therefore failed to establish that a material issue of fact is in dispute with regard to whether Walter Industries was his employer. Accordingly, Walter Industries has met its burden on summary judgment as to Plaintiff's wrongful discharge claim. *See* 42 U.S.C. § 2000e-2(a) (stating that it is unlawful for an *employer* to discriminate on the basis of race, color, religion, sex or national origin) (emphasis added).

Walter Industries also alleges that any claims against it would be barred by the statute of limitations. It is clear that Plaintiff's claims in the instant action relate to the same discharge that served as the basis for his 2007 case. The Court held that his complaint was untimely when it was filed in 2007 because the statute of limitations had passed on both of his causes of action. (Court Docs. 6-4 and 6-6.) This reasoning was not dependent on the nature of the Defendants to that action and would therefore apply with equal force to Walter Industries, had Plaintiff been able to establish that Walter Industries was his employer at the time of his discharge. Accordingly, any claim against Walter Industries is untimely for the reasons stated in the 2007 case. (*Id*.)

## IV. CONCLUSION

For the reasons stated above, the Mueller Defendant's Motion for Summary Judgment [Court Doc. 6] is **GRANTED**. Defendant Walter Industries's Motion for Summary Judgment [Court Doc. 10] is also **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

Plaintiff is hereby put **ON NOTICE** that any further actions filed relating to his termination in or about August 2005 may be deemed frivolous and dismissed pursuant to

28 U.S.C. § 1915(e)(2) with costs assessed against Plaintiff pursuant to 28 U.S.C. § 1915(f). *See Arrendondo v. Brushwellman, Inc.*, 1999 WL 1253077 (6th Cir. 1999) (affirming district court's dismissal of Title VII case as frivolous under 28 U.S.C. § 1915(e)(2)).

The Clerk shall close the case.

SO ORDERED this 5th day of March, 2009.

                                                */s/Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE